MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 325*—*when shown that rent was paid by written agreement waiving rent.* In an action to recover rent, evidence *held* to show that such rent was paid by a written agreement between the parties whereby plaintiff waived the rent in consideration of a release from defendant of liability for damages for failure of plaintiff to make certain repairs within the time agreed by the lease.

2. PRINCIPAL AND AGENT, § 144*—*when agent has authority to bind owner by agreement releasing tenant from liability for rent.* An agent or manager who acts as such for the owner of an office building, whose name is on the building as such, who had been in the owner's employ for 10 years, had made the lease to a tenant on behalf of the owner and with whom the tenant transacted all of his business as tenant, has authority to bind the owner by an agreement releasing the tenant from liability for a part of the rent in consideration of a release of the owner by the tenant from liability for a failure to make certain repairs called for by the lease.

---

## Isaac E. Glaseman, Appellee, v. Richard W. Farmer Company, Appellant.

### Gen. No. 24,129.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

### Statement of the Case.

Action by Isaac E. Glaseman, plaintiff, against Richard W. Farmer Company, a corporation, defendant, to recover wages for services rendered while in de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant's employment. From a judgment for plaintiff for $35, defendant appeals.

M. L. CARMODY, for appellant.

ROBERT EDELSON, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 17*—*when denial proper.* Where the parties have been waiting all the morning for trial, a refusal to grant one of the parties a continuance of ten or fifteen minutes to bring his witnesses into court is proper.

2. MASTER AND SERVANT, § 82*—*what evidence is inadmissible in action for services.* In an action by an employee against a corporation to recover for services, where plaintiff's statement that he had been employed by a certain person as head of the corporation, that the latter had agreed to pay him the sum named per week and that he had actually been paid by checks drawn against defendant's account is uncontradicted, it is not error to exclude evidence of defendant's bookkeeper as to working arrangements between defendant and the establishment in which plaintiff worked.

---

### Mrs. W. N. Manning, Appellee, v. The Tobey Furniture Company, Appellant.

#### Gen. No. 24,160.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

### Statement of the Case.

Action of the fourth class by Mrs. W. N. Manning, plaintiff, against The Tobey Furniture Company, a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.